## NELSON *v.* BLAKEY, ASSIGNEE OF THE MOUNT VERNON MASONIC HALL COMPANY.

CORPORATION.—*Masonic Building Company.—Stockholders in.—Suit to Recover for Stock Subscribed.—Material Averments.*—In an action to recover of the defendant the amount of capital stock by him subscribed in the incorporation of a company to erect and maintain a building to be used for masonic meetings, etc., the complaint alleged such subscription by defendant in the preliminary articles of association of such company, and that they were duly made, signed and acknowledged by the subscribers thereto, and duly filed and recorded in the recorder's office, in the proper county, and that a *duplicate* thereof, duly certified to by such recorder, was filed in the office of the secretary of state.

*Held,* that under the law, as well as under the averments of such complaint, it is material and necessary to plaintiff's right to recover, that he should establish, by competent evidence, that the certificate of incorporation of such company had been filed for record in the office of the recorder of the proper county, and that a *duplicate* of such certificate had been filed in the office of the secretary of state.

SAME.—*Certificate of Incorporation.—Duplicate thereof.—What it Is.*—Under the act of this state authorizing the incorporation of Masonic building companies, approved March 11th, 1867, the "duplicate" of the certificate of incorporation, which is required to be filed in the office of the secretary of state, is not a certified copy of the record of such certificate, as recorded in the recorder's office, but it is an original instrument, as much so as such original certificate, and must be executed in the same manner, with the same formalities, by the same parties and contain the same matter as such original.

Nelson *v.* Blakey, Assignee of The Mount Vernon Masonic Hall Company.

SAME.—*Evidence.*—The incorporators of a masonic building company filed, in the office of the secretary of state, a copy, certified by such recorder, of the record in the recorder's office of the proper county of the original certificate of incorporation of such company, as and for the "duplicate" of such original certificate required by law to be filed in such secretary's office. In a suit against a subscriber to the capital stock of such company, to recover the amount subscribed by him;

*Held,* that a copy, duly certified by such secretary, of the certified copy so filed in his office, is not competent evidence for any purpose.

SAME.—*Suit to Recover Subscription to the Capital Stock of a Masonic Building Company.* — *Pleading.* — *Answer.* — *Demurrer.*—In a suit to recover the amount of capital stock subscribed by the defendant in the certificate of incorporation of a masonic building company, where one paragraph of defendant's answer was the general denial,

*Held,* that it was not error to sustain demurrers for want of sufficient facts to another paragraph of such answer, which alleged the subscription of a less amount of capital stock than that specified in such certificate of incorporation, and to a third paragraph thereof, which denied the existence of such corporation.

NEW TRIAL.—*Motion for.*—*Assignment of Error.*—The admission by the court, on the trial of a cause, of improper evidence, is a good reason for a new trial, but is not a proper assignment of error, on appeal to the supreme court.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies*, for appellant.

*J. H. Laird*, for appellee.

HOWK, J.—William M. Blakey, the assignee in bankruptcy of the Mount Vernon Masonic Hall Company, sued the appellant, in the court below, to recover the amount of an alleged subscription by appellant to the capital stock of said Masonic Hall Company.

The appellee, in his complaint, alleged, in substance, that the Mount Vernon Masonic Hall Company was a corporation, organized under the laws of this state, for the purpose of erecting a building to be used in part as a masonic lodge; that said Blakey is the assignee in bankruptcy of said corporation; that before the organization of said corporation, appellant subscribed for five shares of the capital stock of said corporation, and agreed and promised to pay therefor the sum of one hundred dollars,

being twenty dollars for each share thereof; that said subscription was made by appellant, in writing, in the preliminary articles of association of said corporation, which preliminary articles were duly made, signed and acknowledged, and were duly filed and recorded in the recorder's office of Posey county, Indiana, where said corporation was to be located, and that a duplicate thereof, duly certified by the recorder of said county, was duly filed in the office of the secretary of state of Indiana, on the 27th day of May, 1867, and that a duly certified copy of said articles of association was filed with and made part of said complaint; and it was averred that defendant, though often requested so to do, had failed, neglected and refused to pay said sum of one hundred dollars, so subscribed by him, or any part thereof, and that there was due and unpaid thereon the sum of————; wherefore, appellee demanded judgment for————, and other proper relief.

Appellant answered, in five paragraphs, the appellee's complaint, as follows:

1. That the capital stock of said company was and is fixed by the articles of association of said company, at the sum of twenty thousand dollars, and that only thirteen thousand dollars of said stock have ever been taken or subscribed; wherefore, he demands judgment for costs;

2. A general denial;

3. A denial that there was any corporation, known as the Mount Vernon Masonic Hall Company, and an averment that, at the time he signed the supposed article of agreement mentioned in appellee's complaint, there was no such corporation, nor has there been any such corporation organized and existing since that time, nor at the time then present;

4. A denial that a duplicate copy of the articles of association, mentioned in appellee's complaint, was filed in the office of the secretary of state of Indiana, before the commencement of this suit; and,

5. That appellant had paid the sum of twenty dollars,

of the amount subscribed by him in the articles of association, mentioned in the complaint.

Demurrers, for want of sufficient facts, were filed by appellee to the first and third paragraphs of the answer, which demurrers were each sustained, and to each decision appellant excepted.

On appellee's motion, the fourth paragraph of the answer was stricken from the files, and appellee replied, in denial, to the fifth paragraph of the answer.

The cause at issue was tried by the court, and a finding made, in favor of appellee and against appellant, for the amount of his subscription; and appellant's motion for a new trial having been overruled, and an exception saved to this decision, the judgment was rendered upon the finding, from which this appeal is now prosecuted.

Appellant has assigned, in this court, the following alleged errors:

1. Sustaining appellee's demurrer to the first paragraph of appellant's answer;

2. Sustaining appellee's demurrer to the third paragraph of appellant's answer;

3. Error of the court below, in admitting in evidence the copy of the articles of association of the company, set out in the bill of exceptions, over appellant's objection; and,

4. In overruling appellant's motion for a new trial.

In our opinion, the court below committed no error in sustaining appellee's demurrers to either the first or third paragraphs of the answer, as neither of the paragraphs stated facts sufficient to constitute a defense to appellee, in this action.

The third alleged error presents no question for the consideration of this court, when presented here as an independent error. It states a matter, which, if true, would be a good cause in a motion addressed to the court below for a new trial of the cause. If the matter stated is presented to the court below in a motion for a new trial,

as one of the causes for such new trial, and such motion is overruled, and proper exceptions are saved, then, but not otherwise, such matter will be considered by this court; and in such case, the only error that need be assigned is the overruling of the motion for a new trial.

The fourth error assigned in this cause is the décision of the court below, overruling appellant's motion for a new trial. The causes assigned in said motion for a new trial were these:

1. The court erred in admitting a certified copy of a copy of the articles of association of the Mount Vernon Masonic Hall Company, in evidence; and,

2. The finding of the court was contrary to the law and the evidence.

A bill of exceptions, containing the evidence on the trial, is properly in the record. It appears therefrom that, on the trial in the court below, the appellee offered in evidence " a certified copy of a copy " of the articles of association of the Mount Vernon Masonic Hall Company; that appellant objected to the introduction and reading of said " copy of a copy," for the following reasons:

1. Said copy of a copy was not admissible in evidence;—it should be a copy of the duplicate filed in the office of the secretary of state; and,

2. The certificate of the secretary of state is not admissible to prove the date of the filing of the same in his office; and that the court below, over appellant's objections, permitted said copy to be read in evidence.

It seems, from the record in this cause, the appellee claimed that the Mount Vernon Masonic Hall Company was a corporation, organized and existing under the provisions of an act of the general assembly of this state, entitled "An act for the incorporation of companies for the purpose of building and maintaining buildings to be used or occupied, in whole or in part for masonic meetings, purposes, or in any way for the accommodation or

LIV.—3

convenience of masonic bodies, or lodges," approved March 11th, 1867. 1 R. S. 1876, p. 841. Section 1 of that act provides as follows:

" That whenever three or more persons may desire to form a company for the purpose of building and maintaining buildings, to be used or occupied in whole or in part for masonic meetings or purposes, or in any way for the use, accommodation or convenience of masonic bodies or lodges, they shall make, sign and acknowledge, before some officer capable to take the acknowledgment of deeds, a certificate in writing, which shall state the corporate name adopted by the company, the objects of its formation, the amount of the capital stock, the number of directors, and their names, who shall manage the affairs of such company for the first year, and the name of the town, city or county in which the same is to be located, and shall file the same in the office of the recorder of such county, which shall be placed on record, and a duplicate thereof in the office of the secretary of state."

It will be observed, from the section quoted, that the persons who may desire to form an incorporate company, under the provisions of this law, must file their written certificate of incorporation, which is called, in this case, " articles of association," in the office of the recorder of the proper county, where the same shall be placed on record, and a duplicate of such written certificate in the office of the secretary of state. And it was provided in the second section of said act, that " when the certificate shall have been filed as aforesaid, the persons who shall have signed and acknowledged the same, and their successors, shall be a body politic and corporate, and shall have and possess the powers, rights and privileges, given to corporations by common law." *Supra.*

Under the law, therefore, as well as under the averments of his complaint and the issues joined thereon, the material and necessary facts to be established by the appellee, on the trial, by a preponderance of competent evidence,

were, that the certificate of incorporation, called the articles of association, had been filed in the office of the recorder of Posey county, Indiana, to be placed on record, and that a duplicate of such certificate had been filed in the office of the secretary of state.

This proposition brings us to the consideration of the nature and quality of the evidence offered by the appellee, to prove these essential facts. Evidently, the appellee relied upon the copy of the articles of association, certified by the secretary of state, which he put in evidence on the trial, as good and sufficient evidence to prove, not only that a duplicate of the articles of association had been filed in the secretary's office and the date of such filing, but also that the articles of association had been filed and recorded in the recorder's office of Posey county and the date of such filing and record, and the additional fact, if fact it was, that appellant had subscribed for five shares of the capital stock of the Mount Vernon Masonic Hall Company. These were all material and necessary facts, all of which the appellee, in our opinion, was bound to prove on the trial by competent evidence, before he could be entitled to any recovery, in this cause. And yet, the only evidence offered to, or received by, the court below, which could have even the slightest tendency to prove the foregoing facts, or any one of them, was the writing, styled in the record " a copy of a copy," but which appears to be in fact " a copy of a copy of a copy," of the articles of association, certified by the secretary of state.

It appears from this writing, as the same is in the record, that the persons who desired to form this Masonic Hall Company, filed in the office of the secretary of state, not a duplicate of their articles of association, but a writing certified by the recorder of Posey county to be " a true copy of articles of association of the Mount Vernon Masonic Hall Company, of Mount Vernon, Posey county, Indiana, as full, true and complete, as now remains of record, in this office." It is a gross misnomer to call such

a certified copy a duplicate of the articles of association. A duplicate is an original instrument, just as much so as the original article of which it is a duplicate.   It must be executed by the same parties, in the same manner, with the same formalities, and must contain the same matter, as an original instrument; else, it is not a duplicate of such original instrument.   A certified copy of a record of articles of association is not a duplicate of such articles. When a law requires, as does the first section of the act above cited, that a duplicate of a certificate of incorporation shall be filed in the office of the secretary of state, it is no compliance with the requirements of such law, to file in said office a certified copy of the record of such certificate.

It is provided by the third section of an act, entitled "An act prescribing the duties of secretary of state," approved May 20, 1852, as follows :   " Sec. 3.   All copies of any records, deeds, laws, acts, official bonds, registers, and papers, or such parts thereof as shall be necessary, deposited *by authority of law,* to be kept in his office, duly certified and sealed by the secretary, with the state seal, shall, in all cases, be evidence equally and in like manner as the original."   1 R. S. 1876, p. 825.

But in this case, the certified copy of the record of the articles of association was not deposited, *by authority of law,* in the office of the secretary of state; and therefore the copy of this certified copy of a copy, though certified and sealed by the secretary with the state seal, is not evidence in this case, for any purpose.

In our opinion, the court below erred in overruling appellant's motion for a new trial, and for this error the judgment must be reversed.

Judgment reversed, and cause remanded, with instructions to the court below to sustain appellant's motion for a new trial, and for other proceedings.