Submitted on briefs December 3, decided December 17, 1912;
rehearing denied January 7, 1913.

## FIRST NATIONAL BANK *v.* JAMIESON.

### (128 Pac. 433.)

**Evidence—Written Instruments—Duplicates—"Original Instrument."**

Where a declaration of trust is made in duplicate by the
same impression of the typewriter, and signed at the same time,
each party taking one, either is admissible as an original.

From Coos: JOHN S. COKE, Judge.

Statement by MR. JUSTICE MCBRIDE.

The First National Bank of Bandon, brought this
action against C. E. Jamieson alone to recover upon a
promissory note, executed in its favor by him and one
Dunklee.

Defendant answered, admitting the execution of the
note, but alleged that he signed merely as an accommo-
dation maker, and that this was known to plaintiff; that
thereafter the note was fully paid and satisfied by the
sale and transfer to plaintiff by Mrs. F. Dunklee of cer-
tain chattels of the agreed value of $450, which were
accepted in full satisfaction of the note, said transfer
being made to C. R. Wade, attorney and agent for the
bank.

Plaintiff replied, denying the new matter alleged in
the answer, and alleging that the transfer by Mrs. Dun-
klee to Wade was in trust to sell the property and
apply the proceeds, so far as they would go, to the pay-
ment of the note, and not otherwise, and alleged that
at the time Mrs. Dunklee made the transfer she did not
own the property she assumed to sell, but had previously
sold it to one J. P. Tupper, who recovered the same by
an action at law, and that nothing had been realized
from the security. The execution of the note was
admitted, and defendant introduced a bill of sale from
Fenetta Dunklee to C. R. Wade of the goods mentioned

in the answer. Said bill of sale was upon its face an unconditional transfer to Wade as trustee for the bank. The defendant then offered oral testimony tending to show that the intent of such bill of sale was to liquidate the note. Wade testified, on rebuttal, that at the time of the transaction a written memorandum was made by him showing the purpose of the bill of sale; that he made two copies on the typewriter at the same time, each signed by himself, each written by the same impression of the typewriter, and each absolutely identical; that he kept one of these duplicates for his own use, and gave the other to Mrs. Dunklee, marking his, "office copy." To the introduction of this instrument the defendant objected, and the objection was overruled. The admission of this testimony is assigned as error.

AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court. 56 Or. 622 (117 Pac. XI).

For appellant there was a brief over the name of *Mr. G. T. Treadgold.*

For respondent there was a brief over the name of *Mr. C. R. Wade.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The memorandum amounted to a declaration of trust on the part of Wade, and being an exact counterpart of the one given to Mrs. Dunklee, made by the same impression of the instrument, and signed at the same time, it was as much an original as the one delivered to Mrs. Dunklee. It was a duplicate, and therefore admissible as an original. 17 Cyc. 517; *Missouri Pac. Ry. Co.* v. *Heidenheimer,* 82 Tex. 195 (17 S. W. 608: 27 Am. St. Rep. 861); *State* v. *Allen,* 56 S. C. 495 (35 S. E. 204); *Nelson* v. *Blakely,* 54 Ind. 29.

The judgment is affirmed.

AFFIRMED: REHEARING DENIED.