## THE STATE V. BLANCHARD.

1. **Appeal**: CRIMINAL CASE: PRESUMPTION IN FAVOR OF JUDGMENT. On the appeal of a criminal cause, where the evidence is not brought up, it will be presumed that every fact necessary to warrant the judgment was proved by competent and undisputed evidence.

2. **Forgery**: INDICTMENT: VARIANCE. Where the forged instrument was dated January 7, 1885, but the copy set out in the indictment showed it to be dated January 7, 1884, the court properly instructed that the variance was immaterial.

3. ——: PLACE OF CRIME: EVIDENCE. The fact that the forged instrument purported to have been executed in Mitchell county, and that defendant had it in his possession in that county at about the time it purported to have been executed, was competent evidence, and, in the absence of anything to the contrary, sufficient, to prove that the forgery was committed in that county.

*Appeal from Mitchell District Court.*—HON. JOHN B. CLELAND, Judge.

FILED, JUNE 7, 1888.

*F. F. Coffin* and *L. M. Ryce*, for appellant.

*A. J. Baker*, Attorney General, for the State.

REED, J.—This cause was submitted without argument by counsel for either party. The transcript contains the indictment, verdict, motion for a

<small>1. APPEAL: criminal case: presumption in favor of judgment.</small>

new trial, and the judgment pronounced by the court; also the instructions given by the court on his own motion, and certain instructions asked by counsel for defendant, but which the court refused to give; but the evidence introduced on the trial has not been brought into this court. The only suggestions which we have as to the grounds relied upon for a reversal of the judgment are contained in the motion for a new trial. The instrument which defendant is accused of having forged purports to be an order

for the payment of a sum of money, drawn upon the treasurer of Osage Lodge, No. 195, I. O. O. F., to which the names of "Theo. Cane, N. G.," and "C. H. Cleveland, Secy.," are signed. One of the grounds of the motion for a new trial was that the instructions given by the court to the jury erroneously assumed that the corporate character of said lodge was established. If it should be conceded that it was necessary to prove that fact, we could not reverse the judgment on this ground; for, in the absence of the evidence, we will presume, in favor of the correctness of the ruling of the district court, that the fact was proven by competent and undisputed evidence.

The forged instrument purported to be dated at Osage, Iowa, January 7, 1885. The copy set out in the

**2. FORGERY: indictment: variance.** indictment showed it to be dated January 7, 1884. The district court instructed that the variance was not material. The instruction is correct. The defendant could not have been prejudiced by the variance between the allegation and the proof as to the date of the instrument.

The court also instructed that the facts that the instrument purported to have been executed in Mitchell

**3. ——: place of crime: evidence.** county, and that defendant had it in his possession in that county at about the time it purports to have been executed, were competent evidence to be considered by the jury in determining whether the offense was committed within the county. This instruction is also clearly right. The fact that the offense was committed within the jurisdiction of the court, like any other fact in the case, may be proven by circumstantial evidence; and the circumstances enumerated in the instruction, which we must assume were proven, tended to prove that fact, and, in the absence of anything to the contrary, were sufficient to establish it. See 3 Greenl. Ev. sec. 112, and cases cited in the note. We have examined the record on which the cause was submitted with care, and we find no ground for disturbing the judgment.

AFFIRMED.