STATE v. FORBES.

Proof that a forged instrument was uttered by the forger in the county where the indictment was found is sufficient to sustain a verdict that the crime of forgery was there committed, although there may be other evidence upon which a contrary finding might be predicated.

INDICTMENT, charging that the defendant, on September 4, 1908, "did falsely make and counterfeit a certain American Express money order for the payment of money, purporting to be made and signed by one W. A. Davids, assistant agent, for the sum of fifty dollars, . . . with intent that some person should be defrauded." Trial by jury and verdict of guilty. The defendant moved for his discharge upon the ground that there was no evidence upon which it could be found that he falsely made and counterfeited the order in Coös county. The motion was denied, and he excepted. After verdict the court imposed sentence, but stayed execution pending the determination of the question of law reserved. Transferred from the December term, 1908, of the superior court by *Pike*, J.

The state's evidence tended to prove that on Wednesday or Thursday in the week ending August 15, 1908, the defendant was seen in company with one Wilhelm at the Windham Junction station of the Boston & Maine Railroad. The railroad agent at that station does business for the American Express Company, "issuing orders, filling out freight, etc." Wilhelm bought of the agent an express order for one dollar. On August 15, after Forbes and Wilhelm had disappeared, the station agent discovered that a book containing twenty blank money orders had been stolen from the office. There was evidence that the theft was committed by Forbes and Wilhelm. All orders of the American Express Company are issued in blank books of twenty or more, each bearing a serial number which has no duplicate. One of the blank orders in the stolen book bore the serial number 8–3265268.

After the disappearance of Forbes from Windham Junction, he was next seen at Lancaster on September 4. How long he had been there did not appear. While in Lancaster he went into a store and bargained for some clothing, for which he agreed to pay $28, and offered in payment therefor an American Express money order for $50, like the one set forth in the indictment, bearing the serial number 8–3265268, with the addition that it bore upon its back the indorsement "Paul N. Mertha, Jr." On the same day

Wilhelm attempted to pass in Lancaster an American Express money order, serial number 8–3265269, which had been filled out after its disappearance from the Windham Station office. When Forbes was arrested in Vermont, on September 5, 1908, American Express money orders in blank, bearing serial numbers 8–3265270, 8–3265271, 8–3265272, 8–3265273, 8–3265274, 8–3265275, 8–3265276, and 8–3265277, were found in a valise belonging to Forbes or Wilhelm.

*J. Howard Wight*, solicitor, and *Drew, Jordan, Shurtleff & Morris*, for the state.

*Sullivan & Daley* and *Burritt H. Hinman*, for the defendant.

BINGHAM, J.   To sustain a conviction of the crime of forgery, as in other crimes, it should appear that it was committed in the county where the offence is laid; and according to the weight of authority, proof of the fact is sufficiently made out to entitle the state to go to the jury, if nothing further appears than that the person charged with the offence is shown to have uttered the forged instrument in the county where the indictment is found. *Spencer* v. *Commonwealth*, 2 Leigh 815; *State* v. *Poindexter*, 23 W. Va. 805; *State* v. *Morgan*, 2 Dev. & Bat. 348; *Johnson* v. *State*, 35 Ala. 370; *Bland* v. *People*, 3 Scam. 364; *State* v. *Blanchard*, 74 Ia. 628; *United States* v. *Britton*, 2 Mason 464, 469, 470; *Rex* v. *Parkes*, 2 East P. C. 992; *S. C.*, 2 Russ. Cr. (2d ed.) 371,—2 Leach C. L. 898, 909.   In other words, proof that the forged instrument was uttered by the forger in the county where the indictment was found, if unanswered, is sufficient to sustain the verdict of a jury that the crime was there committed. If this is the law (and we see no reason for thinking that it is not), it would seem that the situation would not cease to present a question of fact for the jury, and become a question of law for the court, if other evidence should be introduced upon which a contrary finding might be predicated; and that the cases above cited, to the extent that they present a contrary view, are not to be followed.   It is said in those cases " that the place where an instrument is found or offered in a forged state affords *prima facie* evidence, or a presumption, that the instrument was forged there, unless that presumption is repelled by some other fact in the case "; and in *Commonwealth* v. *Costley*, 118 Mass. 1, 26, it is said that this is all that was decided in *Commonwealth* v. *Parmenter*, 5 Pick. 279,—the case relied upon by the defendant.   If the terms " *prima facie* evidence, or a presumption," as there employed, mean, as we understand they do, that such evidence answers the legal

requirements of proof authorizing a submission of the question to the jury (*King* v. *Hopkins*, 57 N. H. 334, 359), then it does not follow that, in case countervailing proof is put in evidence, the court would be warranted in withdrawing the question from the jury, for the weight to be given the evidence is for them to pass upon and presents no question of law; and if a verdict is rendered which is against the weight of the evidence, the injured party's remedy is to seasonably apply to the trial court to have the verdict set aside. The true rule, as stated by Wigmore, is: Are there facts in evidence which, if unanswered, would justify men of ordinary reason and fairness in affirming the question which the plaintiff is bound to maintain? If there are, he has passed .the judge and may properly claim that the jury be allowed to consider his case. 4 Wig. Ev., ss. 2494, 2513.

As it is conceded that the defendant forged the order and uttered it at Lancaster in the county of Coös, there was sufficient evidence from which it could be found that the crime of forgery was there committed, and this irrespective of the fact whether there was or was not other evidence tending to disprove such a conclusion.

                                        *Exception overruled.*

All concurred.