## JOHN W. PRESTON v. THE STATE.

### No. 1875. Decided December 21, 1898.

**1. Uttering a Forged Deed—Evidence.**

On a trial for uttering a forged deed, evidence is admissible of a deed from a third party to defendant, which was the connecting link between the alleged forged deed and defendant, showing his interest in the matter, and which was executed and acknowledged at the same time as the forged deed.

**2. Same—Oral Testimony as to a Civil Action in Another County—Certified Copy.**

On a trial for uttering a forged deed, it was error to admit parol testimony of the pendency of a civil suit for the land in another county, and to permit witnesses to testify that defendant was the defendant in that case, and to use in evidence the deeds under which he claimed, together with the alleged forged instrument he was charged with uttering. The court on objection should have required the State to produce a certified copy of the records of the court in which said civil proceeding was pending, and this would have rendered competent the parol testimony as to the use made by defendant of the deeds in that case.

**3. Same—Plea of Former Acquittal—Evidence.**

On a trial for uttering a forged deed, a plea in bar of former acquittal is not valid, the offenses being distinct offenses, and a judgment of acquittal for the forgery was therefore properly excluded when offered by defendant in evidence.

**4. Same—Evidence.**

On a trial for uttering a forged deed, it was not competent to prove that eighteen months after the alleged forgery, and nine months after the alleged uttering, the defendant and one N. were seen together, the said N. being the party who personated the purported maker of the deed at the time of its execution. In the absence of any other fact or circumstance, such testimony would not tend to prove that defendant and N were acquainted and knew each other at the time of the alleged forgery.

**5. Same—Accomplice Testimony—Charge.**

On a trial for uttering a forged deed, where the court charged the law of accomplice testimony as to two witnesses who, though accomplices in the forgery, were not accomplices to the uttering of the deed; Held, it would have been better had the court instructed the jury that, if they believed said parties participated in forging the deed alleged to have been subsequently uttered, they were, in contemplation of law, accomplices to the extent that their testimony required corroboration; and, unless corroborated, defendant could not be convicted on the charge of uttering the deed.

**6. Same—Question of Accomplice Vel Non to Be Submitted to the Jury, When.**

Where the question as to whether or not a witness is an accomplice is an issue or is doubtful, the duty of the judge is to submit the issue to the jury for their determination as to whether the witness is an accomplice or not, and it is not within the power of the court to solve the question for them.

APPEAL from the District Court of Travis. Tried below before Hon. R. E. BROOKS.

Appeal from a conviction for uttering a forged instrument; penalty, five years imprisonment in the penitentiary.

The indictment charged that appellant, in Atascosa County, on the 23d of January, 1894, did fraudulently utter, etc., a false and forged instrument purporting to be the act of W. P. Felps; that defendant knew that the instrument was false and forged, and that said instrument related to and affected the title to land in the State of Texas. The deed,

which was set out, purported to have been executed in the city of San
Antonio on the 17th day of January, 1893, by W. P. Felps to W. M.
Burke, and purported to convey 160 acres of land situate in Atascosa
County, Texas. The acknowledgment of Felps to the deed was taken
by Jos. W. Maddox, a notary public of Bexar County. The deed was
filed for record by defendant, John W. Preston, in the county clerk's
office of Atascosa County on the 23d day of January, 1894.

The evidence showed substantially that W. M. Burke executed a deed
to defendant, Preston, for this same land on the same day, and which
was acknowledged before Maddox, the same notary public, on the same
day and an hour or so after the deed from Nicholson, personating Felps,
was acknowledged. These two deeds were introduced in evidence, as was
also the original patent to W. P. Felps. Nicholson, Burke, and Maddox
were each witnesses on the trial.

The testimony of Nicholson was to the effect that on January 17,
1893, Burke, Preston, and himself were together in the rear room of
Brady's saloon, in San Antonio; that he and Burke were pretty drunk;
that Preston pulled from his pocket the deed purporting to be from W.
P. Felps to W. M. Burke to the land in Atascosa County, and asked
him to sign it. He said he did not own the land, and would not sign it,
and threw it down and left the room. That he has no recollection of
afterwards signing the said deed or acknowledging it before Maddox.
That he did not sign it then, and that the best of his judgment is that
the signature of W. P. Felps to said deed is not his handwriting,—was
not written by him,—but that he would not say whether he signed it or
not.

Burke's testimony was, in effect, that on the occasion spoken of by
Nicholson the parties were in the room in the rear of Brady's saloon,
and that Nicholson did sign the Felps deed, and he, Burke, signed the
Burke deed to Preston. That both deeds were in his (Burke's) hand-
writing, and that his recollection is he wrote them as Preston dictated
them. That after they were written all three of the parties went to the
office of Maddox, the notary, where Nicholson acknowledged the Felps
deed to him, Burke, and he acknowledged the Burke deed to Preston,
and that Preston paid the notarial fees to Maddox.

Maddox's testimony was, substantially, that in the afternoon of Jan-
uary 17, 1893, Burke and Nicholson came to his office in San Antonio;
Burke introduced Nicholson as Felps, and that Nicholson, under the
name of Felps, signed and acknowledged the deed then and there; that
he put his certificate of acknowledgment on said deed and gave it back
to them, and never saw it again until prosecutions were instituted for
its forgery; that Burke paid the notary fee; that in about an hour Burke
and Preston came into his office, and Burke signed and acknowledged
the deed from him to Preston, and that Preston paid the notary fee; that
he thought he knew Felps, as he knew a man in Austin named Felps,
in about 1883, and Burke introduced him as Felps, and he made the cer-
tificate that he was Felps and was known to him to be such; that he was

indicted in San Antonio for his participation in this affair, and so was Burke; that he testified for the State against Preston, and the district attorney dismissed the case against him; that Burke and Nicholson also testified for the State against Preston; that neither Burke nor Nicholson was drunk on the occasion spoken of, in his office.

Jim Brady testified, for the State, that he had a saloon in San Antonio just across the street from the Southern Hotel; that Nicholson and Burke frequented his saloon and were frequently drunk; that when Preston came to San Antonio he drank at his bar; that he did not remember ever to have seen Nicholson, Burke, and Preston together; that neither Nicholson nor Burke had much money, and both were considered insolvent.

J. D. Cravey testified, that in the fall of 1892, in Amphion, Atascosa County, Burke was in his store and tried to sell him the Felps survey in Atascosa County; said he had been to Pleasanton and had looked up the records, and had just come by the land and looked at it.

H. G. Martin testified, that he was the county and district clerk of Atascosa County, Texas, on and before the month of January, 1894. That on the 23d day of January, 1894, the defendant, John W. Preston, came to his office in the town of Pleasanton, Atascosa County, and filed the deeds for record, which were exhibited to him by the district attorney; and that the said Preston requested him to file said deeds and record the same in the deed records of his office, which he did. That he had known the defendant, John W. Preston, since he came to Atascosa County, in about the year 1885; that defendant is a practicing attorney in said county, and lives in Pleasanton; that he, witness, has resided in Atascosa County all his life. That there was pending in the District Court of Atascosa County, Texas, a certain suit, wherein the Hilburn heirs are plaintiffs and John W. Preston is defendant, in which suit the title to the W. P. Felps survey in Atascosa County is involved.

To the testimony that said suit was pending, and that the title to said survey was in controversy, objection was made by the defendant, because (1) the docket of said court, and the papers in said cause, or certified copies of the same, were the best evidence; and (2) that said testimony was hearsay and was irrelevant and immaterial, which objections were overruled by the court, and defendant excepted.

F. M. Lowe testified, that he knew the lands in Atascosa County, Texas, and that there was in said county of Atascosa 160 acres of land, abstract No. 276, survey No. 99, certificate No. 18-218. And also showed by him, over defendant's objection, that the said two deeds were filed in said civil suit in April, 1895, and used by the defendant in evidence on the first trial thereof; to which the defendant made the same objection as was made to the said testimony of said H. G. Martin, above set out, which was overruled by the court, and defendant excepted.

J. H. Claridge testified, that in the fall of 1894, before the election, he was walking on South Flores Street with H. L. A. Hallman, and they met the defendant, John W. Preston, and A. H. Nicholson, coming up

the street; they seemed to be talking with each other; and "we all stopped, and Mr. Hallman introduced me to Mr. Nicholson and Judge Preston, who, he said, was a lawyer from Atascosa County. We passed a few words and walked on; they walked off together."

To this testimony defendant objected, because said testimony could not and did not corroborate any material evidence of any of the said witnesses as to defendant's participation in the forgery of said deed; because the meeting, if any, occurred about eighteen months after the execution of said deed, and about nine months after it had been filed for record; that the said testimony was irrelevant and immaterial; which objections were overruled and witness testified as above set out,—to which ruling of the court defendant excepted.

This testimony was positively denied by H. L. A. Hallman, who testified for the defendant.

The State introduced Wiley E. Jones, and proposed to prove by him his relationship to defendant, that is, that he was the son of defendant, and that defendant's real name was Wiley E. Jones, and not John W. Preston. All the questions asked this witness by the prosecution were, upon objection by defendant, excluded by the court as inadmissible. Defendant reserved an exception as to this witness being introduced at all by the State. The matter is thus stated in the bill of exceptions reserved by defendant:

"The defendant stated to the court, and in presence of the court, the State's representatives, and the jury, that said witness could not and did not know any fact or facts, or circumstance relevant to the issues in this case; that defendant knew the purpose for which the said witness would be placed on the stand, and that his testimony was not only inadmissible, but, sought to be drawn out in the presence of the jury, would inevitably be injurious and prejudicial to the defendant; and the court was earnestly requested to cause the jury to be withdrawn while the admissibility of said witness' testimony was tested by the court; stating further that the questions asked, the objections thereto, even if sustained by the court, would materially prejudice the jury against the defendant; and defendant insisted that such course was good, clean, safe practice, and was resorted to in other courts of the State; but the court replied that he knew of no such practice, and ordered the State to proceed to question said witness in the presence of the jury."

It was shown by the evidence that defendant Preston had previously been tried in San Antonio for the forgery of the deed and acquitted, and he pleaded his acquittal in bar of this prosecution. The trial court excluded his offered evidence as to this matter.

Defendant's motion in arrest of judgment attacked the indictment as follows:

1. The indictment charges no offense against the laws of the State of Texas.

2. Said indictment, in its concluding part, just following the copy of

the deed therein described, in attempting to set up the utterance of said instrument by filing same in the office of the county clerk of Atascosa County, Texas, for record, "did then and there knowingly and fraudulently file and cause to be filed for record," etc., but nowhere charges that defendant so filed or caused to be filed said instrument, knowing the same to be forged.

3. Said indictment nowhere charges that said defendant caused said instrument to be recorded in the office of the county clerk of Atascosa County, knowing the same to be false and forged.

*Walton & Hill*, and *Rector & Rector*, for appellant.—The court erred in excluding from the jury the certified copy of the indictment in the District Court of Bexar County, Texas, against John W. Preston, wherein he was charged with the offense of forgery of the deed mentioned in the indictment herein, and in excluding from the jury the judgment of the said District Court of said county, showing the trial and acquittal of defendant on said charge, all of which is set up in defendant's bill of exceptions number 15, and was urged in motion for a new trial, paragraph number 12.

When called upon to plead to the indictment, the appellant, in addition to his verbal plea of not guilty, pleaded in writing, under oath, former trial and acquittal in the District Court of Bexar County, Texas, upon an indictment in said court charging him with the offense of forging the deed mentioned in this indictment. There was no exception to said plea, but on the trial, when defendant offered in evidence before the jury the record of said trial, which consisted of the certified copy of said indictment, plea of not guilty, verdict of not guilty, and judgment upon said verdict, discharging defendant, the district attorney objected, because, among other reasons, this was a trial for uttering, and that pleaded was for the forgery of the deed in question. The court sustained said objection, and refused to submit to the jury the issue presented by said special plea, all of which is set out in defendant's said bill of exceptions number 15.

The court erred in admitting in evidence the deed from W. M. Burke to John W. Preston, because the execution of said deed was not in issue in this case and was irrelevant and immaterial, and in connection with said deed, in admitting in evidence the testimony of said Burke, A. H. Nicholson, and Joe W. Maddox, all of which objections of the defendant more fully appear in defendant's bill of exceptions, numbers 3 and 4, and were urged in motion for new trial.

The execution of the deed from Burke to Preston was not a forgery, and in itself constituted no evidence of the guilt of defendant in uttering the Felps deed in Atascosa County more than a year thereafter. If legitimate at all, it was only so to show motive or intent in procuring the Felps deed to be forged and should have been limited by the court, when admitted, to the purpose for which it was admitted, and it should likewise have been limited in the charge. This was not done in either

instance. This error of the court is fatal to a conviction and the case should be reversed.

The court erred in admitting in evidence the testimony of H. G. Martin and F. M. Lowe, to the effect that there was pending in the District Court of Atascosa County, Texas, a certain civil suit in which the Hilburn heirs were plaintiffs and John W. Preston was defendant, and in permitting said witnesses to testify that the W. P. Felps survey was in controversy in said suit; and that defendant used in evidence the deeds (1) from W. P. Felps to W. M. Burke, and (2) from said Burke to John W. Preston, which error is specially pointed out in the bill of exceptions number 5, and in statement of facts, and was specially urged by defendant in motion for new trial.

The proof of the use in evidence of said deeds in said civil suit did not prove or tend to prove the issue before the jury. It did not prove or tend to prove scienter or motive. But on the contrary did directly prove an independent crime for which the defendant was not on trial, and which at the time of the trial had never been the subject of judicial investigation, and greatly prejudiced the defendant before the jury. The attempted limitation in the court's charge did not cure the vice. If the appellant had procured the deed to be forged, as was contended by the State, this being shown would be sufficient to show the guilty intent. Henderson v. State, 14 Texas, 503. The use of said deed in evidence in said civil case proved no issue in this case, and threw no legitimate light upon any phase of it.

The court erred in admitting the testimony of J. H. Claridge, to the effect that he and Hallman, in the fall of 1894, met the defendant and A. H. Nicholson in each other's company on South Flores Street, in San Antonio, Texas, for the reasons set out in defendant's bill of exceptions number 6, and also in statement of facts, all of which was urged in motion for a new trial, paragraph number 5.

The court erred in permitting the district attorney, in the presence of the jury, to introduce as a witness one Wiley E. Jones, and to interrogate said witness in the manner set out in defendant's bill of exceptions number 7, and also in statement of facts; which errors were urged in defendant's motion for a new trial, paragraph number 6. The sole purpose of the district attorney being to prejudice the jury against the defendant by showing that his real name was Wiley E. Jones, Sr., and that Preston was an assumed name, and that the defendant must have committed some crime and have changed his name.

The proceedings transpiring with reference to the witness Wiley E. Jones are set up in the statement of facts with exceptions therein reserved. No such proceedings should have been had in the presence of the jury. Appellant's counsel had urged the court to retire the jury, but the court refused. The whole effort of the district attorney was to get before the jury what the court had already ruled out, when he attempted to show some facts by the witness Martin, viz., that defendant's real name was Wiley E. Jones, Sr.

The court erred in failing to charge the jury as to who are principals and accomplices in crime in Texas, and in this connection to submit to the jury the issue as to whether or not Joe W. Maddox was an accomplice in the crime of forging said deed from W. P. Felps to W. M. Burke, but on the contrary the court attempted to charge the jury that Nicholson and Burke were accomplices in said crime, and thereby in effect told them that said Maddox was not. The jury were nowhere instructed that a conviction could not be had upon the uncorroborated testimony of an accomplice, but were told that Nicholson and Burke were accomplices in the crime for which defendant was on trial, and that their testimony must be corroborated, which vice in the court's charge is set up in bill of exceptions number 9, and also in motion for new trial. Spears v. State, 24 Texas Crim. App., 537; Zollicoffer v. State, 16 Texas Crim. App., 313.

The court erred in the ninth paragraph of its charge by instructing the jury that Nicholson and Burke were accomplices in the commission of the offense for which defendant was on trial, as appears from defendant's bill of exceptions number 10, and which error was called to the court's attention in motion for new trial, paragraph number 7. The point sought to be made by the court in qualifying said bill of exceptions is an afterthought and strained. No part of the evidence showed that said witnesses were accomplices in the offense of uttering said deed. On the contrary, all the evidence showed that they were particeps criminis in the forgery; and Burke's testimony shows that defendant got them to forge the deed, under a promise not to use or file the same for record.

They were neither of them accomplices in the offense charged. If not, the charge of the court allowed the jury to consider them only as accomplices in the offense for which defendant was on trial, and left them free to testify uncorroborated as to their and the defendant's participation in the offense of forgery.

The court erred in failing to charge the jury that the defendant was entitled to the benefit of the reasonable doubt upon the question as to whether or not the accomplices' evidence had been corroborated, which error was called to the court's attention in motion for new trial.

The court erred in instructing the jury that Nicholson and Burke were accomplices in the crime for which defendant was on trial, and in failing to submit to the jury the question as to whether or not Joe W. Maddox was an accomplice in the crime of forgery of said deed, and by instructing the jury that the two witnesses Nicholson and Burke were accomplices; the court, in effect, told the jury that said Maddox need not be corroborated, and that he might corroborate said Nicholson and Burke. Neither of said witnesses Nicholson and Burke was an accomplice in the offense for which defendant was on trial, but each was an accomplice, or particeps criminis, in the offense of forgery. This vice in the charge was called to the court's attention in special charges numbers 2, 3, and 4, which were refused, and defendant then and there excepted. Defendant also urged said objections to the court's charge in his motion for a new trial.

Appellant's fourteenth, fifteenth, and sixteenth assignments of error relate to error of the court in overruling motion for new trial based on insufficiency of the evidence, and will be presented together, and are as follows:

14. "The court erred in overruling defendant's motion for a new trial, for each and every reason hereinbefore assigned, and for the following reasons: The verdict of the jury was not supported by the evidence, because the evidence showed that Burke, Nicholson, and Maddox were each particeps criminis in the crime of forging said Felps deed, and there was no evidence outside of said witnesses' testimony showing or tending to show that defendant knew said deed was forged when he filed the same for record in the office of the county clerk of Atascosa County."

15. "The verdict of the jury was not supported by the evidence, because the testimony of said witness Maddox, if he was not an accomplice, did not corroborate but contradicted and destroyed the testimony of said Burke and Nicholson."

16. "The verdict of the jury was not supported by competent evidence, because there was no evidence outside of the accomplices, Burke and Nicholson, who forged said deed mentioned in the indictment, that defendant had any connection with its forgery, and, outside of their testimony, there was no evidence that defendant knew said deed was forged.

"The court erred in overruling defendant's motion in arrest of judgment, for the vice in the indictment therein set out."

The vice in the indictment complained of is that the charge is, "did then and there knowingly and fraudulently file, and cause to be filed for record," etc., but that there is no allegation that appellant "knew the deed to be a forgery" when he so filed the same.

*Mann Trice,* Assistant Attorney-General, for the State. [No brief for the State found with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of forgery, and his punishment assessed at confinement in the penitentiary for a term of five years. The indictment was for uttering an alleged forged deed to 160 acres of land in Atascosa County, by tendering said deed to the county clerk of said county for record. Appellant complains because the court admitted in evidence a deed from W. M. Burke to John W. Preston, on the ground that the execution of said deed was not in issue, and was irrelevant and immaterial, and, in connection with said deed, in admitting also the evidence of Burke, Nicholson, and Maddox. We fail to see any error in this action of the court. The deed from Burke to Preston was so intimately connected with the transaction alleged against appellant as to be a part thereof. Said deed was the connecting link between the alleged forged deed and appellant, and showed his interest in the matter, and was executed at the same time, and the acknowledgment taken before the same notary. The testimony of the witnesses in regard to the entire transaction, we think, was admissible.

Appellant also complains that the court erred in admitting in evidence the testimony of H. G. Martin and F. M. Lowe, to the effect that there was pending in the District Court of Atascosa County, Texas, a certain civil suit, in which the Hilburn heirs were plaintiffs, and John W. Preston defendant, and in permitting said witnesses to testify that the W. P. Felps survey was in controversy in said suit, and that defendant used in evidence the deeds from W. P. Felps to W. M. Burke, and from said Burke to John W. Preston. We believe, on objection, the court should have required a certified copy of so much of the proceedings in the District Court of Atascosa County as the State desired to use. With said certified copy of the records before the court, we believe it would have been entirely competent for the witnesses to state that said deeds were used in said suit by appellant as evidence on his behalf. Although this was not the transaction charged against appellant, and might be considered another uttering of said deeds, yet it was competent testimony, as showing a use by appellant of said deeds, and illustrating his intent and purpose in having said deed recorded.

Appellant claims that the court erred in excluding from the jury the certified copy of the indictment in the District Court of Bexar County, Texas, against John W. Preston, who was charged with the offense of forging the deed mentioned in the indictment herein, and in excluding from the jury the judgment of said District Court of said county, showing the trial and acquittal of defendant on said charge. Appellant insisted that this evidence was admissible on his plea in bar, which, he says, was still before the court. We believe said testimony was properly excluded. Forgery, and uttering the same forged instrument are two distinct offenses, and a conviction for one is not a bar to prosecution for the other.

By appellant's fifth assignment of error, he questions the action of the court in admitting the testimony of J. H. Claridge, to the effect that he and Hallman, in the fall of 1894, met the defendant and A. H. Nicholson in each other's company, on South Flores Street, in San Antonio. Claridge testified that in the fall of 1894, before the election, he was walking on South Flores Street with H. L. A. Hallman, and they met the defendant, John W. Preston, and A. H. Nicholson coming up the street, and they seemed to be talking with each other. When they met, all the parties stopped, and Hallman introduced witness to Nicholson and Judge Preston. They passed a few words and then walked off together. Appellant objected to this testimony, because it was long after the alleged offense, being eighteen months after the execution of said deed, and nine months after it had been filed for record, and that the testimony was irrelevant and immaterial; that said transaction threw no light on the issues in the case, either as an independent fact, a collateral fact, or scienter, or as a corroborating fact. An examination of the record discloses that a crucial point in the State's case was to show that appellant, John W. Preston, knew A. H. Nicholson at the time of the execution of the deed from Felps to Burke; for, according

to the proof, Nicholson personated Felps, the owner of the land, in the execution of the deed. There is no testimony outside of the testimony of Nicholson and Burke—and they were both confessed accomplices— that appellant, Preston, was acquainted with Nicholson at the time of the alleged forgery. If it should be shown that appellant knew Nicholson at that time, then he knew that he was not Felps, the owner of the land, and whom he assumed to personate. Of course, any competent evidence to show that these parties were acquainted at that time was admissible. But we do not believe that the fact that these parties were seen together eighteen months after the alleged forgery and nine months after the alleged uttering of said deed, in the absence of any other fact or circumstance, would tend to prove that they knew each other at the time of the alleged forgery. Moreover, this testimony was calculated to be used by the jury in connection with the use of said deeds in the civil suit in Atascosa County, which occurred after the alleged meeting between them in San Antonio, and so inculpate appellant in knowingly uttering said deeds on that occasion, and thus to be used injuriously against appellant on the trial.

Appellant complains of the following charge on accomplice's testimony: "You are instructed, under the evidence in this case, that the witnesses A. H. Nicholson and W. M. Burke were accomplices in the commission of the offense for which the defendant is on trial, if you find such offense was committed; and you can not find the defendant guilty upon the testimony of these two witnesses, unless you are satisfied their evidence has been corroborated by other evidence tending to establish that the deed described in the indictment from W. P. Felps to W. M. Burke was a forgery, and that the defendant, knowing the same to be a forgery, filed, or caused the same to be filed, for record in the office of the county clerk of Atascosa County, Texas, with intent to injure or defraud; and it is not sufficient that said witnesses corroborate each other, but they must be corroborated by other evidence than theirs tending to establish that the defendant did, in fact, commit the offense for which he is on trial." The grounds assigned as objection to this charge are (1) that the charge instructed the jury that Nicholson and Burke were accomplices in the offense for which the defendant was then on trial; (2) that there was testimony tending to show that Joe Maddox was also an accomplice, and that this charge eliminated him, and the effect was to instruct the jury that his testimony would corroborate the testimony of Nicholson and Burke. Appellant, in this connection, asked a number of special instructions on the subject of accomplice's testimony, which he says would have cured, if given, the error of the court.

While it is true that said Burke and Nicholson did not participate in uttering said alleged forged deed, and were not particeps criminis in that offense, yet we take the charge as given by the court was merely intended to characterize them as accomplices under the statute covering

40th Crim. Reps.—6

the testimony of accomplices.    We believe, however, that it would have
been better for the court to have instructed the jury, if they believed
that said parties participated in forging the deed, which was alleged to
have been subsequently uttered by appellant, that they were, in contem-
plation of our statutes with reference to accomplice's testimony, accom-
plices, and that their testimony required corroboration, and, in the ab-
sence of corroborating testimony, no conviction could be had of appel-
lant on the charge of uttering said forged instrument.

But the second ground of objection urged involves a more material
error than this.    If there is testimony in the record tending to show
that Maddox may have been an accomplice in the forgery of said deed,
then it was not within the province of the court to take this fact from
the jury.    Unquestionably the charge given had this effect, for it
singled out Burke and Nicholson, and instructed the jury that they were
accomplices, which was equivalent to telling the jury that they were the
only accomplices in the case.    We have examined the record carefully
in this regard, and in our opinion there is testimony tending to show
that Maddox was an accomplice.    The testimony shows that he was the
notary before whom the alleged forged deed from Nicholson, who per-
sonated Felps, was acknowledged.    The certificate of acknowledgment
contains this clause:    "On this day personally appeared W. P. Felps,
known to me to be the person whose name is subscribed to the fore-
going instrument, and acknowledged," etc.    It was shown by the ac-
complices Burke and Nicholson, as before stated, that Nicholson, with
the knowledge of appellant, personated Felps in the execution and ac-
knowledgment of said deed.    Maddox, the notary, testified that Nicholson
was the same person who acknowledged said deed before him.    He states
further, that Burke introduced the man as W. P. Felps, and that he
(Nicholson) sat down at the desk, and with pen and ink signed the name
of W. P. Felps to said deed in witness' presence, and immediately ac-
knowledged the same, and witness put his certificate of acknowledgment
thereto; that the acknowledgment was paid for by Burke, and they left
the office together.    About an hour thereafter, Burke and Preston came
into the office and Burke signed the deed to Preston, and he took his
acknowledgment, which was the deed from Burke to Preston for the
same land.    In explanation of his certificate, this witness testified:
"When I lived in Austin, about 1882 or 1883, I knew a man in Austin
named Felps, and Mr. Burke, whom I well knew, introduced the man
who executed the paper as Mr. Felps.    I thought I knew him anyway,
and inasmuch as he was introduced to me as Felps by Burke, whom I
knew well, I made the certificate that he was well known to me.    I had
seen the man who had signed the deed as Felps on the streets in San
Antonio once or twice, and took him to be the same person whom I
knew in Austin as Felps.    They were both gray-haired, alike.    When
Burke introduced him to me, I did not mention to him that I knew him
in Austin, nor did I refer to the fact that I knew him or had ever met
him before."

Now, the question arises, does said explanation satisfactorily account for the false certificate of the notary Maddox? for that certificate evidently tends to inculpate him in the fraudulent making of said deed, along with Nicholson, Burke, and Preston. A certificate of acknowledgment means something, and the statute expressly provides certain essentials to be embodied in the certificate of acknowledgment by the grantor of a deed. If he is known to the officer he can so certify. If he is not so known, it is his duty to require that he be made known to him before taking his acknowledgment; and in such case the certificate of acknowledgment must show the person by whom the grantor was made known to the officer. True, the officer taking the acknowledgment in this case, though he violated the statute, may have been entirely innocent of any criminality in the transaction. His explanation of the testimony showing his participancy in the matter may have been the truth; but was it within the power of the judge himself to solve this question, or, rather, was it not his duty to submit this explanation to the jury, in order that they might pass upon the question of whether or not the witness Maddox was an accomplice? In addition to this, it appears that the witness Maddox had previously been indicted for the offense of being one of the parties engaged in the forgery of this deed. Burke and Nicholson were also indicted. The case appears to have been dismissed against all of them, and they were used as witnesses against appellant. This fact, in connection with the witness' false certificate to said deed, certainly raised the question whether or not he was an accomplice; and, under the circumstances, this matter should have been left to the jury to determine. On the contrary, the court told the jury that Maddox was not an accomplice, and that the testimony of Nicholson and Burke could be corroborated by him. Maddox was a very material witness in the corroboration of said witnesses Burke and Nicholson, and the jury may have found their verdict on the testimony of Burke and Nicholson, accomplices, corroborated by the testimony of Maddox, who, they were in effect instructed, was not an accomplice; whereas, if they had been left free to determine this issue for themselves, they may have believed that all three were accomplices. We think this error of the court was a material one, and to the prejudice of appellant.

It is not necessary to discuss other assignments, but, for the errors of the court heretofore shown, the judgment is reversed and the cause remanded.

*Reversed and remanded.*