## Commonwealth *v.* Leib, Appellant.

*Criminal law—Forgery—Uttering forged instrument—Tax receipts—Duplicate tax receipts—Evidence.*

A duplicate state tax receipt, not containing the seal of the state treasurer may be the subject of a charge of forgery.

In a prosecution for forgery, and for uttering a forged instrument, judgment on the verdict will be sustained, where the defendant is found guilty of forgery, even although the only proof of the forgery within the county wherein the indictment was brought, is found in the evidence of the uttering therein of the forged instrument, as to which latter charge the defendant is found not guilty.

Forgery and knowingly uttering a forged instrument are two distinct offenses; although they may be joined in one count if the forging and uttering were practically simultaneous and arose from the same act or transaction. An acquittal of forgery does not bar a prosecution for uttering the same forged instrument, nor does an acquittal of uttering a forged instrument preclude a subsequent prosecution for forging it.

In the absence of direct evidence as to where a forgery was actually done, proof of the uttering of the forged instrument is prima facie or presumptive evidence that the forgery was committed in the county where it was uttered.

Argued December 10, 1920.   Appeals, Nos. 147, 296, 297 and 298, Oct. T., 1920, Oct. T., 1920, by defendant from judgment and sentence of Q. S. Phila. Co., May Sessions, 1919, Nos. 663, 664, 665 and 666, on verdict of guilty in the case of Commonwealth of Pennsylvania v. William S. Leib.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Indictment charging forgery and uttering and publishing four forged duplicate tax receipts of the treasurer of Pennsylvania.   Before JOHNSON, P. J., 17th Judicial District, specially presiding.

414    COMMONWEALTH *v.* LEIB, Appellant.

Statement of Facts—Opinion of Court below.    [76 Pa. Superior Ct.

Verdict of guilty on the charge of forgery and not guilty on the charge of uttering a forged instrument. Defendant appealed.

The facts are stated in the opinion of the court below dismissing motion for a new trial.

The defendant was indicted on four bills of indictment, each containing two counts. The first count in each bill charged that the defendant unlawfully and fraudulently made and signed, and was concerned in the fraudulent making and signing, certain written instruments called duplicate tax receipts, purporting to be duplicate tax receipts from the state treasurer of the Commonwealth of Pennsylvania for the payment of money to the said Commonwealth by the Merchant & Evans Company on account of taxes and purporting to be duly registered and countersigned for the auditor general of said Commonwealth to the prejudice of the rights of Merchant & Evans Company with intent to defraud. The second count of each bill charged the defendant with unlawfully and fraudulently uttering and publishing the aforesaid unlawful and fraudulent instruments to the prejudice of the rights of the said Merchant & Evans Company and of the Commonwealth of Pennsylvania with intent to defraud, the defendant at the time of uttering well knowing the said instruments to be fraudulently written. The defendant was acquitted on the charges of uttering contained in the second counts of the four bills but was convicted of the charges of forgery contained in the first counts.

The defendant is now asking for a new trial and has assigned forty-four reasons:

The 1st, 2d, 3d, 22d, 23d, and 24th reasons raise the question of the sufficiency of the evidence to show that the defendant made and signed and was concerned in making and signing the said duplicate tax receipts in the County of Philadelphia. There was sufficient evidence for submission to the jury that the defendant made and signed and was concerned in making and signing

these duplicate tax receipts, in the County of Philadelphia. There was evidence that he received the blank forms of the duplicate tax receipts that figures and handwriting on the receipts were in the handwriting of the defendant; that the defendant was in Philadelphia with the forged receipts in his possession, and that in January, 1919, the defendant handed said receipts to James D. Evans in Philadelphia, claiming that they were duplicates because the originals had been lost or mislaid. The evidence was overwhelming that the duplicate tax receipts were forged. The evidence was also convincing that the defendant had them in his possession in Philadelphia and delivered them to James D. Evans. There was sufficient evidence for submission to the jury on all counts and the fact that the jury acquitted the defendant on the charges of uttering is no reason against sustaining the verdict of guilty on the charges of forgery in Philadelphia. The receipts were forged. There was convincing evidence that the defendant had the forged instruments in his possession in Philadelphia County where he delivered them to Evans and there is no evidence to show that they were forged in any other county or place. We cannot dismiss from consideration the evidence of forgery in Philadelphia because the jury for some unknown reason acquitted the defendant of uttering the receipts in Philadelphia. There were sufficient facts and circumstances from which the jury were warranted in convicting the defendant of forging these tax receipts in Philadelphia County, and the jury have found the receipts were forged in Philadelphia and their verdict should not be disturbed: 19 Cyc. 1425 and cases therein cited; U. S. v. Britton, 2 Mason 464; State v. Poindexter, 23 W. Va. 805; Com. v. Sheriff, 10 Pa. C. C. Rep. 341; Com. v. Thomas, 1 Pitts. Rep. 279.

In the 4th, 5th, and 6th reasons the defendant complains that the court committed error in charging that the forgery of the receipts were to the injury of the Merchant & Evans Company and the Commonwealth of

Opinion of Court below.    [76 Pa. Superior Ct.

Pennsylvania. It is sufficient to allege in the indictment that the forgery injured some person. It was sufficient here to allege an injury either to the Merchant & Evans Company or the Commonwealth of Pennsylvania, or both but the forgery must be to the injury of some person. It was alleged in the second counts that the injury was to the Merchant & Evans Company and the Commonwealth of Pennsylvania, but in the first counts the injury was alleged to be against Merchant & Evans Company. Where there is a forgery the crime is made out when it is shown that it is to the injury of any person and the jury were clearly instructed that there could be no verdict of guilty unless all of the elements of the crime were made out and the fact that the court joined in the same sentence the Merchant & Evans Company and the Commonwealth of Pennsylvania as the persons injured was not error and did the defendant no harm.

The 7th, 8th, 9th, 10th, 11th, and 16th reasons complain that the court committed error in charging the jury as to the Commonwealth's contention that the defendant appropriated the proceeds of the check for $5,171.70 paid him by the Merchant & Evans Company on October 8, 1918, to his own use. There was sufficient evidence to show that the defendant did appropriate the proceeds of this check to his own use and did forge the duplicate tax receipts and deliver the same to James D. Evans in Philadelphia. The jury were clearly instructed that they were not trying the defendant on a charge of appropriation of the proceeds of the check, but for forging the duplicate tax receipts and for uttering the same and the reference to the appropriation of the proceeds of the check by the defendant was made only for the purpose of throwing some light upon the question of forgery of the receipts and the uttering of the same. Had there been no appropriation of the proceeds of the check by the defendant to his own use there would have been no occasion for the forgery of the duplicate tax receipts and the evidence of appropriation of the proceeds of the

413, (1921).]     Opinion of Court below.

check had some bearing upon the question of forgery of the receipts and uttering the same and it was for this reason that the court drew the attention of the jury to the Commonwealth's contention that the proceeds of the check had been appropriated by the defendant to his own use.

The 12th, 13th, 14th, 15th, 20th, and 25th reasons complain of the court's charge to the jury in regard to the defense. We think the charge covered every element of the defense and was fair and adequate and sufficient to give the jury a full understanding of it. The charge was long and by reading the entire charge it will be discovered that the defense in all its branches were stated and restated time and again and the defendant's counsel asked for additional instructions which were given.

The 17th, 26th, 27th, 28th, 30th, 31st, and 34th reasons relate to the defendant's contention that the duplicate tax receipts were not the subject of forgery; first, because they were not countersigned by the auditor general, secondly because they were not sealed, and thirdly because tax receipts are not the subject of forgery.

The receipts purport to be signed by "D. B. Atthews for Charles A. Snyder, auditor general." This is sufficient under the evidence in this case. The genuine receipts show that they were countersigned by a man who had done so for twenty years and he countersigned "For Charles A. Snyder, Auditor General." That is the recognized official signature of the office of the auditor general and the forged receipts purport to be signed in the same manner as the genuine receipts. It is contended by the defendant that the receipts, if genuine, were not valid because there was no seal of the state treasurer attached thereto, and therefore these receipts are not the subject of forgery but it is not necessary that the forged receipt purport to contain the seal of the state treasurer. The writing to be the subject of forgery need only be of apparent legal efficacy. It is sufficient if it has such an apparent legal efficacy as to deceive and defraud: Com.

v. Compton, 11 Pa. Dist. Rep. 119. It is contended fur-
ther that tax receipts are not the subject of forgery.
This contention cannot be sustained. Our statute is
comprehensive and applies to "Any writing." In Com-
monwealth v. Wilson, 44 Pa. Superior Ct. 183, on page
187, it is said "Text writers and Judges agree that as a
general rule any writing in such form as to be the means
of defrauding another may be the subject of forgery or
of alteration in the nature of forgery. The offense may
be committed in respect to any writing which, if genuine,
would operate as a foundation of another's liability. If
it is calculated to deceive and intended to be used for a
fraudulent purpose that is sufficient. See also Com. v.
Fitzgerald, 3 Pa. Dist. Rep. 305; Com. v. Wentz, 20 Pa.
Dist. Rep. 820; Com. v. Brown, 10 Phila. 184; Com. v.
Phipps, 16 Phila. 457; Com. v. Kemmerer, 9 Lack. Jurist
205; Biles v. Com., 32 Pa. 529, where Judge READ says:
"A receipt or acquittance may be the subject of forgery."

In the 29th reason the defendant complains that the
charge was inadequate on the evidence of defendant's
good reputation. The court told the jury that the de-
fendant's evidence of good reputation was substantive
evidence and of itself might raise a reasonable doubt and
work an acquittal and with the other evidence might
raise a reasonable doubt and work an acquittal. The
law in this regard was repeated and the court referred
to the defendant's character witnesses.

In the 33d reason the defendant complains that the
court refused to withdraw a juror on account of im-
proper remarks by the attorney for the Commonwealth.
The attorney for the Commonwealth said: "The Com-
monwealth has made a call upon the defendant to pro-
duce the original thereof and he has not done so and
therefore I submit we have a right to use this carbon
copy." But the Commonwealth did not call upon the de-
fendant at the trial for the production of any writing;
he simply stated that he had asked for the production of
a writing which the defendant had failed to produce for

the purpose of laying ground as he thought for the production of secondary evidence. Nor did it appear what was the nature of the letter referred to; it did not appear that the letter was incriminating. The district attorney stated that no reflection upon the defendant was intended. The court repeated this remark of the district attorney and further cautioned the jury against allowing the remarks to influence them in any degree. There was not any suggestion by the district attorney that for failure to produce the letter in question any reference of guilt attached to the defendant. We might also add that the defendant voluntarily took the witness stand in his own behalf and in his testimony covered the whole scope of his defense. Under these circumstances we do not think the court committed error in refusing to withdraw a juror on account of the remarks complained of.

In the 35th and 36th reasons the defendant complains that the court allowed the Commonwealth to call certain witnesses after the Commonwealth had closed its case. It was in the sound discretion of the court to determine whether the Commonwealth should be allowed to call these witnesses and under the circumstances the court did not abuse its discretion. At the trial the Commonwealth gave the court a satisfactory reason for not calling the witnesses before. The testimony was of such a character as should be heard by the jury and the defendant was given a full opportunity to rebut the evidence.

In the 37th reason the defendant complains of the refusal of the court to quash the indictments. Five reasons for quashing the indictments were assigned. It is contended in the first reason that the bills were defective because it was not indicated on the bills who was the prosecutor. But the name of the prosecutor may be endorsed on the bill by order of the court after the bill is returned to the court: Com. v. Rovnianek, 12 Pa. Superior Ct. 86. The court properly allowed the Commonwealth to amend the bill so as to show who was the prosecutor. The fifth reason was that it did not appear by

endorsement on the bills that the witnesses were sworn. But it is presumed that the foreman of the grand jury did his duty in this respect: Com. v. Salter, 2 Pears 461. The other questions raised in second, third, and fourth reasons to quash have been considered under other reasons for a new trial.

The 38th, 39th, 40th, 41st, 42d, 43d, and 44th reasons have already been considered and covered in this opinion.

All of the reasons are without merit and must be dismissed and as the defendant had a full, fair, and careful trial and as the jury were fully warranted in their verdict a new trial must be refused.

And now April 9, 1920, the motion for a new trial is overruled and a new trial is refused.

*Errors assigned* were various rulings on evidence, the charge of the court and refusal to direct a verdict in favor of the defendant.

*William A. Carr* and *John F. Whalen,* and with them *W. Horace Hepburn* and *Sidney L. Krauss,* for appellant.

*John H. Maurer,* Assistant District Attorney, and *W. I. Swope,* Deputy Attorney General, and with them *W. I. Schaffer,* Attorney General, and *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY KELLER, J., April 18, 1921:

The principal questions raised by this appeal are: (1) Is a duplicate tax receipt, not containing the seal of the state treasurer, the subject of a charge of fraudulently making and signing a written instrument to the prejudice of another's right, with intent to defraud? (2) May a verdict stand which acquits a defendant of fraudulently uttering a written instrument, and, at the same time, finds him guilty of having fraudulently made and signed it, where the only proof of such fraudulent mak-

ing and signing within the county is found in the evidence of the uttering therein of such instrument?

(1) The law does not require the seal of the state treasurer to be affixed to receipts for taxes issued by him. It provides: "No receipt for money paid into the state treasury shall be good or available in law, unless signed by the state treasurer, or by some person known to be in his employ, and for whom he is answerable": Section 36 of Act of March 30, 1811, 5 Sm. L. 228. The countersignature of the auditor general is required by Act of April 10, 1849, P. L. 631, section 8: "No receipt for money paid into the state treasury shall be good or available in law unless countersigned by the auditor general, to whom all receipts of money paid into the treasury shall be presented; the auditor general is hereby authorized and required to provide suitable books in which he shall enter, or cause to be entered, the amount and date of the receipts presented, and the names of the parties to whose credit the money was paid, and he shall then countersign the same with his official signature." The auditor general may authorize an agent, for whom he is responsible, to countersign such receipts on his behalf, using such official form of signature as he may decide upon, the same as any other person may direct his name to be signed for him: Fitzpatrick v. Engard, 175 Pa. 393; and a receipt for taxes paid, signed by the state treasurer or his duly authorized employee and countersigned with the official signature of the auditor general by the person authorized by him to affix it, would be a valid acquittance of the money so paid.

A duplicate receipt is not a copy, as generally understood. It is an original paper intended to take the place of and have all the validity of an original. It is defined in Corpus Juris, Vol. 19, p. 836: "The double of anything; an original repeated; a counterpart; one of two originals of the same tenor; the exact repetition of an instrument having all the validity of an original." "A duplicate is an original instrument just as much so as

the original article of which it is a duplicate. A certified copy of a record of articles of association is not a duplicate of such articles": Nelson v. Blakey, 54 Ind. 29. A duplicate is primary evidence, while a copy is secondary evidence. The Act of May 9, 1874, P. L. 126, section 4, relied on by the appellant is not in point. It provides: "The state treasurer shall procure a seal of office, and all copies, under the seal of the state treasurer, of accounts and documents appertaining to his office, shall be evidence in courts of law and elsewhere within this Commonwealth." The purpose of this provision was to make certified copies of records in the state treasury admissible in evidence the same as the originals, so as to avoid the necessity of producing the original records in court. The original receipt is given to the party paying the taxes. It does not stay in the state treasury and is not a record of that department. The books evidencing such payment are records of the treasury and their contents may be proved by certified copies under the hand and seal of the state treasurer, instead of producing the original records, but if a party to whom a receipt is given loses it, he may secure a duplicate signed and countersigned just as the first one and it is an original paper, just as valid as the receipt first issued and will be received in evidence without any proof of inability to produce the first receipt. In making a certified copy of a record in the treasury department, the signatures appearing on it, if any, would be written, typewritten or printed, just as the body of the document and the certificate alone would be signed and sealed by the state treasurer; but a duplicate is actually signed and countersigned by the persons authorized to sign and countersign on behalf of the state treasurer and auditor general respectively, and needs no certificate of its truth or correctness.

We are satisfied that a duplicate tax receipt is such a written instrument as may be fraudulently made and signed in violation of section 169 of the Criminal Code,

and the trial judge would have been justified in so instructing the jury. The defendant was certainly not harmed by his action in leaving it to the jury to find whether it was such a written instrument as was contemplated by the act.

(2) Forgery and knowingly uttering a forged instrument are two distinct offenses: Com. v. Miller, 115 S. W. 234 (Ky.); State v. Blodgett, 121 N. W. 685 (Iowa); though they may be joined in one count if the forging and uttering were practically simultaneous and arose from the same act or transaction: Com. v. Hall, 23 Pa. Superior Ct. 104. An acquittal of forgery does not bar a prosecution for uttering the same forged instrument: Preston v. State, 48 S. W. 581 (Texas); nor does an acquittal of uttering a forged instrument preclude a subsequent prosecution for forging it: State v. Blodgett, supra; State v. Williams, 53 S. W. 424 (Mo.); Beyerline v. State, 45 N. E. 772 (Ind.). And any evidence introduced at the first trial which is relevant to the second prosecution may be offered and received on such trial; none of it is discredited, so as to bar its admission, or rendered incompetent, at the second trial, because of the defendant's acquittal at the trial when it was first presented.

There was sufficient evidence, if believed, to warrant the jury in finding that the defendant had forged the duplicate state tax receipts referred to in the several indictments, in Philadelphia County. He was acting as the agent or representative of the Merchant and Evans Company in the settlement of its state taxes. The money for the taxes admittedly had been received by him and deposited in his individual bank account the day before the date the receipts purported to bear and was not actually applied to their payment for nearly four months thereafter. It is true defendant gave reasons for this delay but his credibility was for the jury. It was testified that defendant, about this time, had endeavored to obtain some original blank tax re-

ceipts from the treasury department, and it was not disputed that he had gotten a supply of duplicate blanks. His explanation accounting for them was likewise for the jury. The duplicate tax receipts were unquestionably forged and fraudulent. A handwriting expert testified that in his opinion, the figures on the receipts and the countersignature on behalf of the auditor general were made by the defendant and a witness familiar with defendant's handwriting testified to their similarity. The receipts were produced by the Merchant and Evans Company from their office in Philadelphia, and Mr. Evans positively testified that they had been handed to him by defendant in their Philadelphia office and that defendant then explained that the originals had been lost or mislaid, which accounted for the delay in their delivery. The defendant admitted being in Philadelphia immediately before and after the dates fixed by Mr. Evans. It was not denied that shortly before the time of delivery fixed by Mr. Evans, in response to a telegram from the company demanding the tax receipts defendant had telegraphed: "Will be in Philadelphia Friday file papers Merchant Evans Co." It was also testified by Mr. Evans, and he was corroborated by a distinguished member of the Philadelphia bar, that after settlement for the taxes had actually been made the defendant demanded back the state tax receipts which he had previously given the company, and excused his actions on the ground that he had been badly advised. It is true no witness testified he had seen the defendant sign the receipts in Philadelphia—it is rare that such testimony is obtainable in a forgery case—but there was positive testimony that he had uttered them there. The weight of authority in this country is that in the absence of direct evidence as to where a forgery was actually done, proof of the uttering of the forged instrument is prima facie or presumptive evidence that the forgery was committed in the county where it was uttered: Bland v. People, 4 Ill. (3 Scammon) 364; State v. Yer-

ger, 86 Mo. 33; Johnson v. State, 35 Ala. 370; State v. Forbes, 73 Atl. 929 (N. H.); Spencer v. Com., 2 Leigh (Va.) 751; Heard v. State, 48 S. E. 905 (Ga.). And this is the case, although, as here, the instrument purported on its face to have been executed elsewhere: State v. Morgan, 35 La. Ann. 293, 42 La. Rep. 191; and though the defendant, as in this case, lived in another county: State v. Poindexter, 23 W. Va. 805. The rule was stated by Mr. Justice STORY in U. S. v. Britton, 2 Mason 464 (U. S. Cir. Ct. Mass. 1822): "I take the rule of law to be that the place where an instrument is found or offered in a forged state affords prima facie evidence, or a presumption, that the instrument was forged there, unless that presumption is repelled by some other fact in the case." The case of Com. v. Parmenter, 5 Pickering 279 (Mass.), holds the contrary, but that decision has been modified to some extent and explained in the later cases of Com. v. Talbot, 2 Allen 161, and Com. v. Costley, 118 Mass. 1. We prefer to follow the rule generally in force, as above stated, rather than the Parmenter case.

The fact that the receipts purport to be signed on behalf of the state treasurer and auditor general in Dauphin County is no more persuasive that they were forged there than the fact that a forged note purports to be dated more than five years ago is proof that it was made at the time of its purported date and is, therefore, barred by the statute of limitations: Com. v. Hall, 24 Pa. Superior Ct. 558, p. 560.

But defendant contends that as he was acquitted on the second count, the evidence as to where the receipts were delivered to the Merchant and Evans Company cannot be considered in reference to the first count. We do not so hold. The jury did not find that Mr. Evans's testimony, in that respect, was false or unworthy of belief; they simply found that the defendant did not unlawfully and fraudulently utter and publish the several receipts as true as laid in the indictment, knowing them to be fraudulent, to the prejudice of the Merchant and

Evans Company and the Commonwealth of Pennsylvania and with intent to defraud. We do not know just what caused or influenced their verdict, but we are not justified in throwing out of the case as unworthy of belief any relevant and competent testimony in it. Had the defendant been tried for forgery alone on this testimony and been convicted, and subsequently been tried for uttering the forgery on the same testimony and been acquitted, his former conviction would not have been affected thereby. Nor if he had been first tried on the charge of uttering, and acquitted, would it have prevented his being tried for forgery and the same testimony being used to secure his conviction on the later charge. The effect is not altered by the fact that the conviction on the first count and the acquittal on the second were handed down simultaneously in the same verdict.

In Com. v. Hall, 23 Pa. Superior Ct. 104, and 24 Pa. Superior Ct. 558, where both offenses were joined in one count, and it was ruled that there could not be a general conviction on the indictment unless the two offenses were committed in one and the same transaction, the only proof of the forgery in the county where the venue was laid was evidence of the uttering there and the defendant was convicted only of the forgery and his conviction was sustained.

In like manner, a man may be acquitted of receiving stolen goods and subsequently convicted of larceny when the only incriminating evidence in the case is his possession of the stolen article, or he may be acquitted of larceny and subsequently convicted of receiving stolen goods, on the same evidence; in either case the acquittal does not render relevant and competent evidence in the second case incompetent and inadmissible because it was received in the first case and failed to secure a conviction.

We are of opinion that there was relevant and competent evidence in the case, sufficient if believed by the

jury, to warrant the defendant's conviction of forgery as charged in the indictment and we are not justified in setting aside their verdict because the same evidence failed to secure a conviction on the charge of uttering also.

The defendant also complains that in his charge to the jury the trial judge laid too much stress on the defendant's misappropriation of the money sent him to settle the taxes, and that the jury may have been misled into thinking that that was "the offense" of which they might find defendant guilty. We do not think so. The trial judge clearly and distinctly defined the offenses for which defendant was being tried, stated the constituents of each charge, and told the jury what they must find in order to convict the defendant of that charge. His reference to the misappropriation of the money was only in connection with the necessity for showing the intent to defraud and that the forgery was to the prejudice of another's right, and his use of the word "offense" was clearly in connection with the immediately preceding words, relating to the charge of fraudulently and unlawfully making and signing the receipts, upon which subject he was then addressing the jury.

The remaining assignments of error need not be referred to at length. The various questions raised by them were all disposed of satisfactorily in the opinion of the learned court below refusing a new trial, which will be printed in full in the report of this case.

The judgment is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

LINN, J., concurs in the judgment.