## Commonwealth v. Baker.

*Xopher Beek*, District Attorney, and *Richard W. Williamson*, for Commonwealth.

*Harry W. Petriken*, for defendant.

POTTER, P. J., 17th judicial district, specially presiding, April 24, 1930.— On Feb. 4, 1930, this defendant was tried before a jury and was convicted of forgery. On Feb. 10, 1930, counsel for the defendant filed his motion for a new trial as well as in arrest of judgment, and set up the following reason: "The proof on the part of the Commonwealth did not legally support the charge in the indictment to be forgery." The Act of 1860 provides for "fraudulently making, signing, altering, uttering or publishing any written instrument," &c. The indictment charges the defendant with fraudulently "signing and uttering" the name of another.

It seems that one Vincent Trotter, of Mount Union, had business dealings with one F. B. Berandino, of Philadelphia, by reason of which he desired to remit to him the sum of $55. He produced a cashier's check for this amount, sealed it in an envelope, and gave it to his nephew to mail. The nephew lost it on the way to the mail box. The next seen of the check was when this defendant walked into Black's jewelry store in Huntingdon and asked to have it cashed. After some inquiries and conversation it was cashed. It was endorsed on the back with the name of F. D. Berandino in lead pencil, he being the payee named in the check. Two of the employees in this jewelry store identify this defendant as being the person who presented the check to them for payment. After he was arrested he went back to the jewelry store to see if the matter could be adjusted. He admits he was there for this pur-

pose, but denies he presented the check for payment or that he received the money for it. This, then, was a question of fact to be passed upon by a jury, who, by their verdict, say he is the person.

It is true no one saw this defendant endorse the name of Berandino on the back of the check, and the handwriting of the endorsement differs very materially from his name as signed to the recognizance to appear in court. But signing the name of another to his injury is not all of forgery by any means. The uttering is just as important a part of the offense as is the signing, which is offering a forged instrument, knowing it to be such, whether such offer is accepted or not, with a representation, by words or actions, that it is genuine, and with an intent to defraud. And one may be guilty of uttering an instrument forged by another. It is not essential that the accused should have been in any way implicated in the forgery. While it is essential that the party uttering the paper should make false representations as to its genuineness, yet for this purpose any assertion or declaration, by word or act, is sufficient: 26 Corpus Juris, 924, 925; Com. v. Searle, 2 Binn. 332. And this defendant, when he presented this check for payment in the jewelry store, represented himself to be Berandino, the person whose name was endorsed on the back of it. He told them he was Berandino. Perhaps he did not sign the name, but he apparently uttered and published the check. He well knew he was not Berandino and that he was not entitled to the proceeds of the check. This was clearly an act with intent to defraud the payee out of the money represented by the check.

Forgery and knowingly uttering a forged instrument are two distinct offenses, although they may be joined in one count if both are practically simultaneous and arose from the same transaction: Com. v. Leib, 76 Pa. Superior Ct. 413. Either one is classed as forgery. And though this defendant may not be convicted of signing, we do regard him as convicted of uttering, and we had this in mind when we refused binding instructions for his acquittal. Where a defendant is charged with the unlawful, false and fraudulent uttering and publishing of a written instrument, with intent, &c., the failure to charge a scienter deprives him of no legal right. He cannot be convicted without proving his guilty knowledge: Com. v. Hall, 24 Pa. Superior Ct. 558. And in this case we think the jury very properly found he had guilty knowledge. He knew he was not Berandino, and he knew he was not entitled to the money from the check. When a check proved to be false is found in the prisoner's possession, he will not be discharged on a habeas corpus: Com. v. Sheriff, 10 Pa. C. C. Reps. 341.

To utter and publish a document is to offer directly or indirectly, by words or actions, such document as good. To constitute the offense it is necessary that there should be a knowledge of the falsity of the document; and this is in itself implied as an intent to defraud: 1 Wharton's Criminal Law, 10th ed., 704.

We think this defendant is guilty of the offense as charged, and we think the verdict of the jury is correct.

Several matters were alluded to by counsel for the defendant in the argument that do not appear in the reasons filed. It is the common practice both in the lower courts as well as those that are appellate to consider what appears on the record, and we have done so in this case.

And now, to wit, April 24, 1930, the reasons assigned for a new trial as well as those in arrest of judgment are discharged, and the defendant is ordered to appear before this court on April 24, 1930, for sentence. An exception is noted for the defendant and a bill is sealed.