## Commonwealth v. Russo

*Henry Rutherford*, Assistant District Attorney, for Commonwealth.

*William C. Storb* and *Stein, Storb & Mann*, for defendant.

JOHNSTONE, J., November 13, 1964.—Defendant, a resident of New Jersey, was indicted, tried and convicted by a jury on 10 separate counts of forgery involving checks of varying amounts. All 10 checks involved were passed here in Lancaster County by someone other than defendant. All 10 checks were returned to the person who had accepted them in return for merchandise and cash, they having been dishonored by the banks on which they were drawn. A handwriting expert testified that defendant had written and signed all of the checks, and by its verdict the jury believed his testimony. There was no testimony on the part of the Commonwealth that defendant was here in Lancaster County at the time the checks were passed.

Under his motion in arrest of judgment, defendant raises the question of venue of the offenses charged and argues that without proof that defendant committed the offense of forgery in Lancaster County his conviction cannot stand. It is, of course, elementary that defendant cannot properly be convicted of any crime in Lancaster County without proof that the offense was committed here. Defendant testified that he had never

in his life been in Lancaster County and this testimony was not contradicted.

Relying on Commonwealth v. Lieb, 76 Pa. Superior Ct. 413, the court instructed the jury that a presumption arose that the forgery was committed in Lancaster County since the forged checks were passed or uttered here in the county. In spite of defendant's testimony that he had never been in Lancaster County, the jury by its verdict did not believe him but accepted the presumption as fact. Defendant now argues that the presumption does not arise in the absence of proof that he either uttered the forgery or it was found in his possession here in Lancaster County.

In the Lieb case, supra, there was evidence that the forged receipt had been uttered by defendant in the county where he was prosecuted. The court said, at page 424, "The weight of authority in this country is that in the absence of direct evidence as to where a forgery was actually done, proof of the uttering of the forged instrument is prima facie or presumptive evidence that the forgery was committed in the county where it was uttered. . . ."

In 164 A.L.R. it is stated at page 650, "There is a substantial amount of authority to the general effect that in a trial for forgery, where it is shown that the instrument was a forgery and was first found in its forged condition when it appeared in the possession of the defendant in a particular county, it may be presumed, in the absence of testimony or circumstances repelling that conclusion, that the forging was done in the county where the forged instrument was first uttered by the defendant or found in his possession."

Again in 164 A.L.R. at page 654, it is stated, "It has been recognized that the presumption as to the place of the forgery, rested upon possession or uttering of the forged instrument in a particular county, may be overcome by circumstances or evidence to the contrary, but

ordinarily, where there is a showing of possession or uttering at a particular place in the county in which venue is laid, even though there are circumstances in evidence or testimony tending to show that the forging was done elsewhere, the issue as to the place of the forging remains a question of fact for the jury to resolve from all the evidence in the case.", and at page 655, "Some authority, expressing the matter in terms of inference, has considered that, at least in the absence of evidence to the contrary, a showing that the forged instrument first made its appearance in its forged condition when it was found in the possession of or uttered by the defendant in a particular county warrants the inference that the forging was done in that county."

We are constrained to conclude that in the absence of proof that defendant in this case either uttered the forged checks in Lancaster County or that they were found in his possession here, the Commonwealth has failed to prove facts upon which a presumption that the checks were forged here could properly arise. Along with the statement hereinbefore quoted from the Leib case must also be included the requirement that the defendant uttered or had in his possession the forged checks in Lancaster County before the presumption can arise that the forgery occurred here.

The district attorney argues that since the verdict conclusively determines the checks to have been forged by defendant, he is responsible for the uttering of the forgeries in Lancaster County since he put in force an agency for the commission of a crime and, in legal contemplation, accompanied the forgeries to the point where they produced their detrimental effect. In the absence of any proof as to how the person or persons who uttered the forged checks here in Lancaster County came into possession of them and in the absence of any proof that such person or persons were acting under the direction or as the agent of defendant, there is no

basis upon which defendant can be held responsible for uttering the forgeries. If it had been shown that the utterer of the forgeries was defendant's wife or had some close relationship to the defendant, the situation might have been different. But the record in this case is devoid of any proof as to who was the person or persons who passed the checks or their possible connection with defendant.

Since we have decided that the Commonwealth has failed to prove its case against defendant and that his motion in arrest of judgment must be granted, it is unnecessary to consider defendant's reasons for a new trial. In passing, however, it should be stated that the court in its charge to the jury placed no burden on defendant to prove his defense. What the court actually did was to place the credibility of defendant's testimony in the hands of the jury. Every time a defendant takes the witness stand he assumes the risk of the jury believing what he says. If the Commonwealth has made out a case and the jury does not believe defendant's testimony, which is their right, then the jury has no other choice than to find the defendant guilty.

And now, November 13, 1964, defendant's motion for a new trial is denied and his motion in arrest of judgment is granted, and defendant is discharged from custody.